Larry Feldman (State Bar No. 45126)
Email address: larryfeldman@kayescholer.com
Joshua Stambaugh (State Bar No. 233834)
Email address: jstambaugh@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendant
BUZZMEDIA (erroneously sued as BUZZMEDIA
CORP. D/B/A BUZZNET, INC.)

[ADDITIONAL COUNSEL
LISTED ON SIGNATURE PAGE]

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NATIONAL PHOTO GROUP, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BUZZMEDIA CORP. d/b/a BUZZNET, INC., a California corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV12 03193 - GAF-PJWx<br><br>**AMENDED [PROPOSED] JOINT STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>*Note Changes.* |

Pursuant to Fed. R. Civ. Proc. 26 (c)(1), C.D. Cal. Local Rule 79-5, this Court's Standing Order Re: Protective Orders and Treatment of Confidential Information, and the Court's August 6, 2012 Response By The Court To Notice To

Filer Of Deficiencies In Electronically Filed Documents, this Stipulation (hereinafter the "Stipulated Protective Order") is entered into by Plaintiff National Photo Group, LLC ("NPG") and Defendant BUZZMEDIA ("BUZZMEDIA," and together with NPG, the "Parties"). This Stipulated Protective Order is entered into by and through the Parties' respective counsel, as follows, to govern the production and disclosure of potentially confidential documents and information in this action.

## STIPULATION AND STATEMENT OF GOOD CAUSE PURSUANT TO FED. R. CIV. PROC. 26(c)(1)

The Parties agree that at least some of the documents and information being sought through discovery in the above-captioned action may be normally kept confidential by a producing party. The materials to be exchanged throughout the course of the litigation between the Parties or obtained from non-parties to the action may contain confidential financial data, proprietary business or financial information, terms of confidential agreements between a Party and a non-party, information that a party may for any business or competitive purposes wish to be protected from disclosure, trade secrets as defined by California Civil Code §3426.1, personal contact information, and/or information in which any party or a non-party has a privacy interest protected by applicable law. The purpose of the Stipulated Protective Order is to protect the alleged confidentiality of such materials as much as practical during the litigation while facilitating the production of the materials for the efficient resolution of this litigation. The Parties agree that the public disclosure of such materials may cause prejudice or irreparable harm to the producing party.

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The

Parties further acknowledge this Stipulated Protective Order does not entitle them to file confidential information under seal, but rather the Parties shall file any confidential information pursuant to the requirements of C.D. Cal. Local Rule 79-5.

## DEFINITIONS

1.  The term "Confidential Information" shall mean any materials properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under Paragraph 8 of this Stipulated Protective Order.

2.  The term "materials" shall have the broadest interpretation as to encompass anything and everything produced and/or disclosed in accordance with this Stipulated Protective Order and shall include, but shall not be limited to: documents; correspondence; personal contact information or passwords; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.  The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed by the law firms identified below.

4.  The term "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any Party.

5.  The term "producing party" shall mean a Party or non-party that produces materials in the course of this litigation.

6.  The term "designating party" shall mean a Party or non-party that designates materials that it produces in disclosures or in discovery as "Confidential."

7.  The term "receiving party" shall mean a Party that receives materials from a producing party in the course of this litigation.

## GENERAL RULES

8.  Subject to Paragraph 26, each Party or non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to the Stipulated Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." The designating party must exercise restraint, designating only those portions of the materials that warrant protection. The designating party must promptly withdraw any mistaken designation.

   a.  Designation as "CONFIDENTIAL": Any Party or non-party to this litigation may designate information as "CONFIDENTIAL" if the Party or non-party believes, in good faith, that the materials contain proprietary information, confidential business or financial information, information that may for any business or competitive purposes need to be protected from disclosure, terms of confidential agreements between a Party and a non-party, trade secrets as defined by California Civil Code §3426.1, and/or information in which the Party or a non-party has a privacy interest protected by applicable law.

   b.  Designation as "CONFIDENTIAL – ATTORNEYS EYES ONLY":

Any Party or non-party to this litigation may designate information as "CONFIDENTIAL – ATTORNEYS EYES ONLY" if the Party or non-party believes, in good faith, that the materials contain proprietary information, confidential business or financial information, information that may for any business or competitive purposes need to be protected from disclosure, terms of confidential agreements between a Party and a non-party, trade secrets as defined by California Civil Code §3426.1, and/or information in which the Party or a non-party has a privacy interest or protected by applicable law, and that such materials should be protected from disclosure to other Parties, and should be strictly viewable only by Counsel or others described in paragraph 13 for the purposes of this litigation.

9. In the event a Party or non-party produces documents in response to a request for production of documents, the producing party may designate documents (including any portions thereof and any information contained therein) as Confidential and shall stamp, mark, or place a physical and/or electronic label on those documents stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a portion of the material on a page qualifies for protection, the designating party must clearly identify the protected portion, e.g. by making appropriate markings in the margins.

10. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party or non-party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of the Stipulated Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other Party or Parties to the action

of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY;"

  b. the disclosing Party or non-party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

  c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless the party seeking to file it seeks permission to file it under seal and identifying it as being subject to the Stipulated Protective Order. Nothing in this Stipulated Protective Order shall prevent a party from presenting any portion of any deposition transcript not designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by any means.

  11. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

  12. Information designated "CONFIDENTIAL" shall be disclosed only to (a) the Court and its employees, (b) any Party, or any officer, director, or employee of a party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; (c) Counsel of record and designated contract attorneys employed by counsel of record, any Party's in-house counsel assigned to participate in or supervise this case, and support personnel of

such counsel of record or in-house counsel of the sort described in paragraph 3 of the Stipulated Protective Order; (d) experts and/or consultants (together with their clerical staff) retained by Counsel of record on behalf of the Parties, who have signed the "Acknowledgement and Agreement to Be Bound by the Stipulated Protective Order" (attached hereto as "Exhibit A"); (e) mediators and/or discovery referees selected by Counsel of record on behalf of the parties or appointed by the Court in this action; (f) court reporter(s) employed in this action; (g) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action; (h) witnesses at any ~~deposition to the extent deemed in good faith reasonably necessary by Counsel to~~ aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by the Stipulated Protective Order"; and (i) any other persons to whom the Parties agree in writing or on the record to disclose such information. Nothing in this Stipulated Protective Order prevents a designating party from disclosing "CONFIDENTIAL" information designated solely by it as such to any person.

13. Information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be disclosed only to (a) the Court and its employees, (b) counsel of record and designated contract attorneys employed by Counsel of record, and personnel of such Counsel of record of the sort set forth in paragraph 3 of the Stipulated Protective Order; (c) experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the Parties, who have signed the "Acknowledgement and Agreement to Be Bound by the Stipulated Protective Order" (attached hereto as "Exhibit A"); (d) mediators and/or discovery referees selected by counsel of record on behalf of the parties or appointed by the Court in this action; (e) court reporter(s) employed in this action; (f) litigation

6
60780992_1.DOCX        AMENDED [PROPOSED] STIPULATED PROTECTIVE ORDER
                       Case No. CV12-03193-GAF-PJWx

support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action; (g) witnesses at any deposition to the extent deemed in good faith reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by the Stipulated Protective Order"; and (h) any other persons to whom the Parties agree in writing or on the record to disclose such information. Nothing in this Stipulated Protective Order prevents a designating party from disclosing "CONFIDENTIAL – ATTORNEYS EYES ONLY" information designated solely by it as such to any person.

14. ~~As long as Counsel has explained the contents of Exhibit A to any third party and obtained the signature of the third party, no Counsel shall be responsible for any disclosures, inadvertent or otherwise, made by the third party of any Confidential Information.~~

15. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

16. All material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with the terms of this Stipulated Protective Order that is filed with the Court, and any pleadings, motions or other papers containing material designated "Confidential," shall be filed in accordance with the procedures set forth in Central District of California Local Rule 79-5 and directed to the judge to whom the papers are directed. Any Party seeking to file any material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" must apply for permission from the Court to file such material under seal and set forth with particularity in the application the reasons for seeking such

permission. The Parties understand that the Parties' stipulation or the mere designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" is not sufficient to require the Court to allow filing under seal. If the Court finds that the material is not qualified for filing under seal, the Court may direct the material be filed publicly, issue an order to show cause why the material should not be filed publicly, or issue such other order as is just. For motions, the parties should also file a redacted version of the motion and supporting papers to the extent applicable.

17. At any stage of these proceedings, any Party may object to a designation of the materials as Confidential Information. Such objections will be resolved under the procedures of Local Rules 37-1 and 37-2. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

18. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by the Stipulated Protective Order, the Party responsible for the unauthorized disclosure shall immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, take all reasonable steps to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. No Party shall be responsible to another Party for disclosure of Confidential Information under the Stipulated Protective Order if the information in

question is not labeled or otherwise identified as such in accordance with the Stipulated Protective Order.

20. If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the Stipulated Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under the Stipulated Protective Order. The receiving party shall treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

21. Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the document is protected as privileged or as attorney work product.

22. Nothing herein shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents or the information shall not be disclosed in contravention of this Stipulated Protective Order.

23. The Stipulated Protective Order shall be without prejudice to the right of a Party or non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of the Stipulated Protective Order shall not be used by

either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

    24.    If any Party has obtained Confidential Information in accordance with this Stipulated Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing and/or designating party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Notwithstanding the foregoing, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law, lawful subpoena, or by order of the Court.

    25.    Upon final termination of this action, including any and all appeals, counsel for each Party shall, upon request of the producing party, return the Confidential Information to the Party or non-Party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by the Stipulated Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by the Stipulated Protective Order with respect to all such retained information.

    26.    The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) is already, or without violation of this Stipulated Protective order

60780992_1.DOCX    AMENDED [PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV12-03193-GAF-PJWx

enters, the public domain; or (c) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.

27.  The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28.  Transmission by facsimile and/or by email to the addresses set forth on the signature block of the Stipulated Protective Order, or to other addresses as may be agreed by the parties in writing, with a subject heading referring to this action and to this Stipulated Protective Order, is acceptable for all notification purposes herein.

29.  ~~Inadvertent Production of Privileged or Protected Documents:~~ If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information.  If a party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the producing party of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) court days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or protection.  All copies of inadvertently produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.  If a receiving party objects to the return of such information within the seven (7) court day period described above, the producing party may move the Court for an order compelling the return of such information.  Pending the ruling, a receiving party may retain the inadvertently produced documents in a sealed envelope and shall not make any use of such information.

30. Any violation of this Stipulated Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party. The Stipulated Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

31. The Parties agree to be bound by this Stipulated Protective Order pending its approval by the Court.

32. The Court may modify the terms and conditions of this Stipulated Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with ~~notice of the Court's intent to modify the Stipulated Protective Order and the~~ content of those modifications, prior to entry of such an order.

33. Nothing in this Stipulated Protective Order should be construed as applying to evidence presented at court proceedings and/or trial. The Parties must take up such matters with the judicial officer conducting the proceeding at the appropriate time *pursuant to Local Rule 79-5.*

**IT IS SO STIPULATED.**

Dated: August 14, 2012        KAYE SCHOLER LLP


By_____/s/_____.
JOSHUA STAMBAUGH, SBN 233834
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Tel: (310) 788-1000
Fax: (310) 788-1200
jstambaugh@kayescholer.com

Counsel for Defendant BUZZMEDIA

Dated: August 14, 2012      By_____/s/_____.
VIRGINIA A. SANDERSON, SBN 240241
KARL S. KRONENBERGER, SBN 226112
JEFFREY M. ROSENFELD, SBN 222187
KRONENBERGER ROSENFELD LLP
150 Post Street, Suite 520
San Francisco, California 94108
Tel: (415) 955-1155
Fax: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Counsel for Plaintiff NATIONAL PHOTO GROUP LLC

## ATTESTATION OF AUTHORIZED FILING

I, Joshua Stambaugh, counsel for Defendant BUZZMEDIA in the above referenced action, and whose CM/ECF login and password have been used to file this document, attest that all of the other signatories listed above concur in the document's content and have authorized the filing of the document.

Dated: August 14, 2012                          _____/S/_____
                                                Joshua Stambaugh

IT IS SO ORDERED.

Dated: 8/22/12

*Patrick J. Walsh*
PATRICK J. WALSH
MAGISTRATE JUDGE

# EXHIBIT A
# NON-DISCLOSURE CERTIFICATION

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Protective Order") that was entered by the United States District Court for the Central District of California in the case entitled, *National Photo Group LLC v. BUZZMEDIA*, United States District Court for the Central District of California, Case No. CV12 03193 - GAF-PJWx. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

SIGNATURE:

_____